UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BTL INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-02216-TWP-KMB |
| | ) |
| JV MEDICAL SUPPLIES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINITFF'S MOTION TO SEAL

Currently pending before the Court is Plaintiff BTL Industries, Inc.'s ("BTL") Motion to Maintain Documents Under Seal. [Dkt. 23.] BTL seeks to maintain two filings under seal: BTL's Brief in Support of Motion for Default Judgment, [dkt. 22-1], and the Declaration of Jason Wooden, [dkt. 22-3], which was also submitted in support of BTL's Motion for Default Judgment. [*See* dkt. 23 at ¶ 8.] Despite moving to seal only two documents, BTL has preliminarily filed a third document under seal—the Declaration of Brooke Smith. [Dkt. 22-3]. BTL's Motion to Seal does not mention the Declaration of Brooke Smith or specifically request that the Court maintain it under seal. [*See* dkt. 23 at ¶ 8 (requesting that the Court seal Sales Information that appears in BTL's Brief in Support of Default Judgment and the Wooden Declaration).] The Court has reviewed these filings and BTL's proposed redacted filings. [Dkts. 25; 25-1.] For the reasons set forth below, the Court **GRANTS** BTL's Motion to Seal, [dkt. 23], and **ORDERS** BTL to file a statement **within seven (7) days** authorizing the unsealing of or explaining why good cause exists for maintaining under seal the Declaration of Brooke Smith, [dkt. 22-3], along with any proposed redactions.

## I.  RELEVANT BACKGROUND

BTL initiated this action against Defendant JV Medical Supplies Inc. ("JV Medical") for trademark infringement; unfair competition; false designation of origin; false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and patent infringement under 35 U.S.C. § 1 *et seq*. [Dkt. 1 at ¶ 1.]  BTL creates aesthetic muscle toning and strengthening devices that use high-intensity electromagnetic energy, including a device called EMSCULPT.  [*Id.* at ¶ 2.]  BTL asserts that EMSCULPT has been cleared by the Food and Drug Administration ("FDA") and is protected by numerous patents and federally registered trademarks.  [*Id.*]  JV Medical is a medical supply store in Indiana that advertises and sells different medical devices.  [*Id.* at ¶ 3.]

According to BTL, JV Medical has offered for sale and sold counterfeit devices purporting to be authentic EMSCULPT devices.  [*Id.* at 3-4.]  BTL alleges that JV Medical's conduct has irreparably harmed the EMSCULPT brand, that the counterfeit devices have not received FDA clearance and may pose health and safety risks, and that customers who bought counterfeit devices were misled into thinking they were purchasing and using the FDA-cleared EMSCULPT device. [*Id.* at ¶ 7.]

BTL initiated the present action in November 2022.  [Dkt. 1.]  Counsel never appeared for JV Medical, and the Parties were unable to informally resolve the matter despite BTL's representations to the Court that it had been attempting to settle the case with JV Medical.  [Dkts. 13; 14; 16.]  On May 11, 2023, BTL filed its Motion for Clerk's Entry of Default, [dkt. 18], and on June 7, 2023, the Clerk entered default against JV Medical for failure to plead or otherwise defend in this action, [dkt. 19].  On August 7, 2023, BTL filed its Motion for Default Judgment, which remains pending as of the date of this Order.  [Dkt. 21].

## II.  APPLICABLE STANDARD

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).  Good cause to seal confidential information may exist when the confidential information is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information. *Baxter*, 297 F.3d at 545-46.  That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection. *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at 545).  "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).  [She] may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank*, 178 F.3d at 945 (internal citations omitted).

## III.  DISCUSSION

BTL claims that good cause exists for two filings to remain under seal—its Brief in Support of Motion for Default Judgment, [dkt. 22-1], and a declaration from Jason Wooden filed in support of its Motion for Default Judgment, [dkt. 22-2].  [*See* Dkt. 24 at 3.]  According to BTL, these filings contain confidential cost and sale numbers that constitute trade secrets and therefore should be shielded from public disclosure.  [*Id.* at 1.]  To show its damages, BTL claims that it was required to disclose the following information in support of its Motion for Default Judgment: (1) the average sales price of its EMSCULPT devices; (2) BTL's costs associated with its EMSCULPT

3

devices; and (3) its net profit associated with the sale of its EMSCULPT devices (collectively, "Sales Information"). [*Id.* at 2.] BTL claims that EMSCULPT's price is negotiated for each deal and that it "has taken all appropriate action to maintain" this allegedly confidential Sales Information. [*Id.*] If its competitors or potential customers knew its average pricing, costs, and related business practices, BTL claims that it would suffer significant harm. [*Id.*] Specifically, BTL claims that its competitive position to suppliers and customers "would be undercut by the public disclosure of [its] costs, revenue, profit margins, and average sales price of its EMSCULPT devices." [*Id.* at 4.] Moreover, BTL argues that maintaining these documents under seal is appropriate because its narrowly tailored proposed redactions strike the appropriate balance between the public's interest and BTL's interest in preventing competitors from gaining access to allegedly confidential Sales Information. [*Id.*]

### A. Brief in Support of Default Judgment and Declaration of Jason Wooden

The Court agrees with BTL that unredacted versions of its Brief in Support of Default Judgment and the Declaration of Jason Wooden should remain under seal because they contain confidential and sensitive Sales Information. The Court has reviewed the filings and because of the nature of the Sales Information that BTL seeks to maintain under seal—*i.e.*, the average sales price of its EMSCULPT devices, BTL's costs associated with its EMSCULPT devices, and BTL's net profits from EMSCULPT sales—the Court concludes that good cause exists for sealing them. *See Benton Cnty. Wind Farm LLC v. Duke Energy Ind., Inc.*, 2015 WL 12559884, at *1-2 (S.D. Ind. Aug. 26, 2015) (finding that pricing information warranted protection through redactions because disclosure could damage plaintiff's business relationships and affect plaintiff's ability to negotiate future contracts); *Comedica Inc. v. Hill-Rom Servs., Inc.*, 2023 WL 5231515, at *1 (S.D. Ind. Apr. 21, 2023) (finding that good cause existed for sealing "medical-device-related contracts

4

with confidential pricing and other highly sensitive information, [as] public availability of the contracts could arm non-party competitors with knowledge they could leverage and exploit"); *Advanced Magnesium Alloys Corp. v. Dery*, 2022 WL 2051495, at *2 (S.D. Ind. May 16, 2022) (finding that good cause existed to seal pricing information because it was non-public business information and it reflected negotiated prices that a competitor could exploit).

BTL has specifically explained how disclosure of this information would harm it in the marketplace, represented that it keeps this information confidential and protects it from disclosure, and provided minimally redacted versions of the filings at issue. Accordingly, the Court finds that good cause exists for sealing the Sales Information contained in these documents. Thus, the Court directs the clerk to maintain **UNDER SEAL** BTL's Brief in Support of Motion for Default Judgment, [dkt. 22-1], and the Declaration of Jason Wooden, [dkt. 22-2].

### B.  Declaration of Brooke Smith

Despite moving to seal only two documents, BTL has preliminarily filed a third document under seal—the Declaration of Brooke Smith. [Dkt. 22-3]. BTL's Motion to Seal does not mention the Declaration of Brooke Smith or specifically request that the Court maintain it under seal. [*See* dkt. 23 at ¶ 8 (requesting that the Court seal Sales Information that appears in BTL's Brief in Support of Default Judgment and the Wooden Declaration).] Similarly, BTL's Brief in Support of Motion to Seal, [dkt. 24], does not mention the Declaration of Brooke Smith or provide any analysis explaining why good cause exists to maintain it under seal. Accordingly, the Court finds that BTL has not shown that good cause exists for maintaining the Declaration of Brooke Smith under seal because BTL's Motion to Seal and accompanying brief ignore this filing altogether. Additionally, while BTL has filed a "redacted" version of this filing, [dkt. 25-2], it does not appear to actually contain any redactions, and the document also does not appear to contain any allegedly

confidential Sales Information like the other two filings at issue. BTL shall have **7 days from the date of this Order** to file a statement authorizing the unsealing of this filing or explaining why good cause exists for maintaining it under seal, along with any proposed redactions. Failure to file anything by that deadline will result in the Court summarily unsealing the Declaration of Brooke Smith. [Dkt. 22-3].[1]

### IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** BTL's Motion to Seal. [Dkt. 23]. The Clerk is directed to maintain under seal the following ECF filings: Dkts. 22-1 and 22-2. The Clerk is directed to unseal the following ECF filing: Dkt. 22.

**Within 7 days of the date of this Order**, BTL is **ORDERED** to file a statement authorizing the unsealing of or explaining why good cause exists for maintaining under seal the Declaration of Brooke Smith, [dkt. 22-3], along with any proposed redactions. Failure to file anything by that deadline will result in the Court summarily unsealing the Declaration of Brooke Smith.

**SO ORDERED.**

Date: 10/3/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] BTL also filed a "Local Rule 5.11 Cover Sheet for Sealed Filing." [Dkt. 22.] As of July 1, 2023, Southern District of Indiana Local Rule 5-11 no longer requires a sealed cover sheet, and the Court has reviewed and determined that this document does not contain any information that warrants its sealing. *See* Local Rules Advisory Committee Comment ("Amended July 1, 2023, to eliminate requirements for a sealed cover sheet."). Accordingly, the Clerk is directed to **UNSEAL** BTL's Cover Sheet for Sealed Filing. [Dkt. 22].